UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CLINTON JAMES WALKER, | ) | |
| Petitioner, | ) | Case No. 1:07-cv-171 |
| v. | ) | Honorable Robert Holmes Bell |
| CINDI CURTIN, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | |

This matter is before the court on petitioner's objections to the report and recommendation of the magistrate judge. After reviewing the habeas corpus petition under Rule 4 of the Rules Governing Section 2254 Cases, the magistrate judge concluded that the petition was barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). The magistrate judge further concluded that petitioner was not entitled to equitable tolling under Supreme Court and Sixth Circuit authority. Petitioner has now filed a timely objection, essentially raising two issues: (1) the magistrate judge erred in not concluding that the time for filing a federal habeas petition should be tolled during the period in which a state prisoner could petition for state post-conviction relief; and (2) the magistrate judge erred in concluding that petitioner is not entitled to equitable tolling. Objections to a magistrate judge's report and recommendation on a dispositive matter are reviewed by this court *de novo*. FED. R. CIV. P. 72(b).

After *de novo* review, this court concludes that the report and recommendation of the magistrate judge is correct and should be affirmed. The court will not reiterate the careful analysis

of the report and recommendation, which accurately applies Supreme Court and Sixth Circuit authority interpreting the one-year statute of limitations for federal habeas actions implemented by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). This court concurs that petitioner's conviction became final on April 9, 2003, and that the running of the one-year statute was tolled by petitioner's filing of a motion for new trial on December 20, 2003. That post-conviction proceeding remained pending until January 23, 2005, one year after the trial court denied the motion. Thereafter, petitioner had 111 days remaining, or until May 16, 2005, in which to file his federal habeas petition. The filing of the instant action in February of 2007 was therefore almost two years late. The court further concurs that petitioner's second post-conviction motion filed in the state courts was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), because Michigan law allows the filing of only one such post-conviction motion. On this basis, the state courts held that they were without jurisdiction to consider petitioner's second post-conviction motion.

Petitioner assails this conclusion by arguing that the one-year statute of limitations should be tolled for the entire period that a state prisoner is able to file a post-conviction proceeding in the state courts. Petitioner cites no authority for this proposition, nor could he. AEDPA is precise in its tolling provisions in this regard. The statute provides that it is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending*." 28 U.S.C. § 2244(d)(2) (emphasis added). Obviously, a state motion for post-conviction review is not "pending" until such time as it is filed. Petitioner attempts to take advantage of the fact that Michigan law provides no time period for the filing of a motion for post-conviction relief under subchapter 6.500 of the Michigan Court Rules. Consequently, if petitioner's argument were adopted, a person convicted in the Michigan courts

would have an infinite amount of time to file a habeas corpus petition in the federal courts. To the contrary, once a state-court judgment is final, a Michigan prisoner must file his Rule 6.500 motion within the next year in order to toll the running of the statute by the fact of a "pending" state post-conviction proceeding. Petitioner's argument in this regard is frivolous.

Petitioner also errs in arguing that he should be given the benefit of equitable tolling because of his "confusion" concerning the operation of the one-year statute. A petitioner seeking equitable tolling has the burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007). Petitioner's allegations fall short of satisfying either prong of the test. As the magistrate judge correctly pointed out, the fact that a petitioner is untrained in the law or was ignorant of its requirements does not warrant tolling. (*See* Report and Recommendation at 7, and cases cited therein).

Consequently, upon *de novo* review of petitioner's objections, the court independently concludes that his petition is barred by the one-year statute of limitations. A judgment will be entered denying the petition on that ground. In addition, the court will deny petitioner a certificate of appealability, as reasonable minds could not differ on the conclusion reached by this court on this procedural issue.

Date:     March 24, 2007              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE